**Rafael Antonio HERRERA, Petitioner–Appellant,**

v.

**WARDEN, FCC COLEMAN–USP I, Respondent–Appellee.**

No. 13–14862

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 7, 2015.

Rafael Antonio Herrera, Coleman, FL, pro se.

Karin Bethany Hoppmann, Peter J. Sholl, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, Roberta Josephina Bodnar, U.S. Attorney's Office, Orlando, FL, for Respondent–Appellee.

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Rafael Herrera appeals the district court's dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. On appeal, Herrera argues that the savings clause of 28 U.S.C. § 2255(e) applies to his claim because his sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii) exceeded the statutory maximum for his offense. He argues that the district court sentenced him based on a quantity of drugs and drug type that were not charged in the indictment or proven to a jury beyond a reasonable doubt. In support of his claim, he relies on the Supreme Court's decisions in *DePierre v. United States,* 564 U.S. ——, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011), *Alleyne v. United States,* 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), *McQuiggin v. Perkins,* 569 U.S. ——, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), and *Burrage v. United States,* 571 U.S. ——, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014). He further

contends that his mandatory life sentence violates the Ex Post Facto Clause under *Peugh v. United States,* 569 U.S. ——, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). After careful review, we affirm.

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review *de novo. Cook v. Wiley,* 208 F.3d 1314, 1317 (11th Cir.2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. *Sawyer v. Holder,* 326 F.3d 1363, 1365 (11th Cir.2003). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241. *Antonelli v. Warden, U.S.P. Atlanta,* 542 F.3d 1348, 1352 (11th Cir.2008).

The "savings clause" of § 2255 permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241. *Sawyer,* 326 F.3d at 1365. Under the savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Sawyer,* 326 F.3d at 1365. We have held that the savings clause is a jurisdictional provision, such that a petitioner must show that § 2255 is "inadequate or ineffective" before the district court has jurisdiction to review the § 2241 petition. *Williams v. Warden, Fed. Bureau of Prisons,* 713 F.3d 1332, 1338–40 (11th Cir. 2013), *pet. for cert. filed,* (U.S. Apr. 8, 2014) (No. 13–1221). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Turner v. Warden,* 709 F.3d 1328, 1333 (11th Cir.), *cert. denied,* —— U.S. ——, 133 S.Ct. 2873, 186 L.Ed.2d 923 (2013).

We have stated that the savings clause "at the very least, applies to actual-innocence claims due to a non-existent offense." *Bryant v. Warden, FCC Coleman–Medium,* 738 F.3d 1253, 1281 (11th Cir.2013). Additionally, the savings clause allows a petitioner to bring a claim that he was erroneously sentenced above the statutory maximum penalty. *Id.* at 1274. To show that a prior § 2255 motion was inadequate or ineffective to test the legality of his detention, a petitioner challenging his sentence must satisfy a five-part test: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, our precedent squarely foreclosed the claim raised in the § 2241 petition; (2) the Supreme Court overturned that binding precedent after the petitioner's first § 2255 proceeding; (3) that Supreme Court decision applies retroactively to cases on collateral review; (4) as a result of that Supreme Court decision, the petitioner's sentence exceeds the statutory maximum sentence; and (5) the savings clause of § 2255 reaches the petitioner's claim. *Jeanty v. Warden, FCI–Miami,* 757 F.3d 1283, 1285 (11th Cir.2014).

In *Apprendi v. New Jersey,* the Supreme Court held that any fact[1] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–64, 147 L.Ed.2d 435 (2000). In light of *Apprendi,* we have explained that the enhanced penalties in 21 U.S.C. § 841(b) cannot be applied unless the jury determines the drug type and quantity involved in the drug conspiracy offenses. *United States v. Sanders,* 668 F.3d 1298, 1309–10 (11th Cir.2012). However, we have determined that *Apprendi* does not apply retroactively to cases on

---

1. This excludes the fact of prior conviction.

collateral review. *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001). In *O'Brien,* the Supreme Court applied the rule in *Apprendi* to conclude that the "machinegun" provision of 18 U.S.C. § 924(c)(1)(B)(ii) was an element of the offense that must be proved to the jury. *O'Brien,* 560 U.S. at 235, 130 S.Ct. at 2180. In *Alleyne,* the Supreme Court further determined that any fact, other than the fact of a prior conviction, that increases the applicable statutory mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt. 570 U.S. at ——, ——, ——, 133 S.Ct. at 2155, 2160 n. 1, 2163. We recently held that *Alleyne* does not apply retroactively to cases on collateral review. *Jeanty,* 757 F.3d at 1285. In *DePierre,* the Supreme Court held that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." 564 U.S. at ——, 131 S.Ct. at 2237.

In *Burrage,* the Supreme Court held that a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) where the use of a drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury unless the drug use is a but-for cause of the death or injury. *Burrage,* 571 U.S. at ——, 134 S.Ct. at 892. In *McQuiggin,* the Supreme Court held that there is an actual innocence exception to the statute of limitations in the AEDPA. 569 U.S. ——, 133 S.Ct. at 1932–35. In *Peugh,* the Supreme Court held that under the Ex Post Facto Clause, a defendant cannot be sentenced under Guidelines put into effect after he committed his criminal acts, where the subsequent Guidelines provide for a higher advisory sentencing range. 568 U.S. at ——, 133 S.Ct. at 2078.

Herrera has failed to open the portal to § 2241 because he has failed to meet all five requirements of the five-part test established in *Bryant,* 738 F.3d at 1281. Herrera has failed to establish the third requirement because none of the cases upon which he relies apply retroactively on collateral review.[2] Herrera's argument that the district court erred under *Alleyne* and *O'Brien* with respect to the drug type and quantity found at sentencing is an *Apprendi*-based argument. We have held that both *Apprendi* and *Alleyne* are not retroactively applicable to cases on collateral review. *See McCoy,* 266 F.3d at 1258; *Jeanty,* 757 F.3d at 1285.

Because the Supreme Court in *O'Brien* applied the rule in *Apprendi* to conclude that the "machinegun" provision of 18 U.S.C. § 924(c)(1)(B)(ii) was an element of the offense that must be proved to the jury, it necessarily follows that *O'Brien* does not apply retroactively to cases on collateral review. *O'Brien,* 560 U.S. at 235, 130 S.Ct. at 2180; *Cf. McCoy,* 266 F.3d at 1258. Moreover, *DePierre* did not narrow the interpretation of § 841(b), as it expanded the definition of cocaine base to include all cocaine in its chemically basic form. *DePierre,* 564 U.S. at ——, 131 S.Ct. at 2237. Herrera's reliance on *Burrage* and *McQuiggin* is similarly misplaced because those cases are inapposite to his argument that the drug quantity and type needed to be charged and proved beyond a reasonable doubt.

We need not consider Herrera's argument that his sentence violates the Ex Post Facto Clause under *Peugh* because Herrera did not raise this argument before

2. Furthermore, Herrera has failed to prove that his sentence exceeds the statutory maximum.

the district court. *See Walker v. Jones,* 10 F.3d 1569, 1572 (11th Cir.1994) (concluding that we would not address an issue that was not raised in the § 2241 petition). However, Herrera's argument under *Peugh* fails in any event because it is in essence an argument under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we have held that *Booker* does not apply retroactively to cases on collateral review. *See Varela v. United States,* 400 F.3d 864, 868 (11th Cir.2005) (concluding that *Booker* did not apply retroactively to § 2255 cases on collateral review).

Because Herrera fails to show that his claim satisfied the savings clause of § 2255, he cannot proceed under § 2241. Therefore, the district court did not have jurisdiction over Herrera's § 2241 petition, and did not err in dismissing the petition. Accordingly, we affirm.

**AFFIRMED.**